FILED
2019 Feb-04  PM 04:28
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RENE McDANIEL, as Personal Representative )<br>of the Estate of Earnest McDaniel, deceased, )<br>)<br>     Plaintiff, )<br>)<br>v. )<br>)<br>MYLAN, INC.; MYLAN )<br>PHARMACEUTICALS, INC.; MYLAN )<br>TECHNOLOGIES, INC.; DR. DIANA )<br>WALDREP WARRAN; CVS PHARMACY, )<br>INC.; et al., )<br>)<br>     Defendants. )| CASE NO.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Mylan Inc., Mylan Pharmaceuticals Inc., and Mylan Technologies Inc. (collectively, "Mylan") and Defendant Alabama CVS Pharmacy LLC (improperly pled as CVS Pharmacy, Inc.; hereafter "CVS") hereby remove and give notice of the removal of the above-styled action from the Circuit Court of Pickens County, Alabama, to the United States District Court for the Northern District of Alabama, Western Division. In support of removal, Mylan and CVS state further:

I.    BACKGROUND

1.    Rene McDaniel ("Plaintiff"), as personal representative of the estate of Earnest McDaniel ("Decedent"),[1] commenced this wrongful-death action by filing a Complaint on July 27, 2018, in the Circuit Court of Pickens County, Alabama, where it was assigned Case No. 54-CV-2018-900058.00. (*See* Ex. A, Compl.)

2.    Plaintiff alleges that Decedent died on August 6, 2016. (*Id.* ¶ 6.)

---

[1] Mylan and CVS use the spelling of Decedent's name as taken from the Complaint, although records collected to date appear to show that his name was Ernest.

3.      Plaintiff offers two explanations for Decedent's death. First, she suggested that Decedent's death was the result of the malpractice of his primary care physician, Dr. Diana Waldrep Warren, in managing Decedent's pain medications. (*Id.* ¶¶ 35, 36, 45, 53–55.)

4.      More specifically, Plaintiff claimed that Dr. Warren failed to properly prescribe and monitor at least three medications she had prescribed for Decedent: transdermal fentanyl; alprazolam (commonly known by its brand name, Xanax, a benzodiazepine); and zolpidem (commonly known by its brand name, Ambien, a sedative). (*Id.* ¶¶ 37–47.) According to Plaintiff, Dr. Warren prescribed fentanyl at a level twice the recommended starting dosage, despite her knowledge that Decedent (i) regularly consumed alcohol; (ii) was using multiple other central nervous depressant (CNS) medicines; and (iii) had previously experienced an adverse "reaction" with fentanyl. (*Id.* ¶¶ 38–43.)

5.      Liability against CVS is premised on the notion that the pharmacy supposedly breached a duty "to properly monitor the drugs prescribed to the deceased and the potential harms that may result from a continued use of said drugs and to warn the deceased of the potential risks of the drugs he was prescribed." (*Id.* ¶ 35.) *But, see Walls v. Alpharma USPD, Inc.*, 887 So. 2d 881, 886 (Ala. 2004) (holding that a pharmacist has no duty to second-guess a physician's prescribing decision or otherwise warn a patient of risks associated with a drug regimen).

6.      Alternatively, Plaintiff pursues a product-liability claim against Mylan, suggesting that unspecified defects in the fentanyl patch worn by Decedent on the day of his death— ostensibly, a Mylan Fentanyl Transdermal System® (MFTS)—caused it to "leak[] and dispense[] more [fentanyl] than prescribed," thereby resulting in his death. (Compl. ¶¶ 44, 57.)

7.      Plaintiff seeks recovery of punitive damages under Alabama's Wrongful Death Act, ALA. CODE § 6-5-410, on four bases: (i) negligence, Compl. ¶¶ 53–55; (ii) the Alabama Extended Manufacturer's Liability Doctrine (AEMLD), *id.* ¶¶ 56–59; (iii) implied warranty, *id.* ¶¶ 60–65; and (iv) express warranty, *id.* ¶¶ 66–69.

## II.     JURISDICTIONAL BASIS FOR REMOVAL

### A.     Complete Diversity of Citizenship Now Exists

8.      On January 8, 2019, Plaintiff provided notice of the dismissal of all claims against Dr. Warren. (*See* Ex. B, Pl.'s Voluntary Dismissal as to Def. Warren.)

9.      At the time of removal, therefore, CVS and Mylan are the only remaining active, non-fictitious defendants to this action.

10.     Plaintiff is and Decedent was a citizen of Alabama.

11.     Mylan Pharmaceuticals Inc. is, at the time of removal, and was, at the time this action was commenced, a West Virginia corporation with its principal place of business located in West Virginia. Mylan Pharmaceuticals Inc. is, therefore, a citizen of West Virginia. 28 U.S.C. § 1332(c)(1).

12.     Mylan Technologies Inc. is, at the time of removal, and was, at the time this action was commenced, a West Virginia corporation with its principal place of business located in Vermont. Mylan Technologies Inc. is, therefore, a citizen of West Virginia and Vermont. *Id.*

13.     Mylan Inc. is, at the time of removal, and was, at the time this action was commenced, a Pennsylvania corporation with its principal place of business located in Pennsylvania. Mylan Inc. is, therefore, a citizen of Pennsylvania. *Id.*

14.     The citizenship of a limited liability company like CVS is determined by the citizenship of its member(s). *Rolling Greens MHP, L.P. v. Comcast SCTI Holdings L.L.C.*, 374

F.3d 1020, 1022 (11th Cir. 2004); *Ashburn Family Properties. LLC v. EBR Huntsville, LLC*, No. 5:15-cv-650, 2015 WL 4773971, at *2 (N.D. Ala. Aug. 13, 2015); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009) (collective cases). As such, a limited liability company's "principal place of business and state under whose laws it is organized do not matter" for purposes of determining diversity jurisdiction. *Alabama Power Co. v. Calhoun Power Co., LLC*, No. 2:12-cv-3798, 2012 WL 6755061, at *2 (N.D. Ala. Dec. 28, 2012).

15.     CVS is, at the time of removal, and was, at the time this action was commenced, a limited liability company whose sole member is CVS Pharmacy, Inc., a Rhode Island corporation with its principal place of business in Rhode Island. CVS, therefore, is a citizen of Rhode Island.

16.     Accordingly, complete diversity of citizenship exists among the parties because Plaintiff is a citizen of Alabama and none of the remaining Defendants is a citizen of Alabama. *See also* 28 U.S.C. § 1441(b)(1) (instructing that, for purposes of diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded").

**B.      The Matter in Controversy Exceeds $75,000**

17.     A removing party's burden in alleging the existence of federal jurisdiction "is no greater than is required to establish federal jurisdiction as alleged in a complaint." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 200 (4th Cir. 2008).

18.     A notice of removal thus "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

19.     Although the Complaint states only that Plaintiff seeks "punitive damages against the Defendants in an amount to be determined by the trier of fact, including interest, costs, [and]

attorney's fees," *see* Compl. *ad damnum* clause, "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

20.     "If a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement.'" *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (citations omitted). The removing defendant may satisfy this burden by showing that it is "'facially apparent' from the [plaintiff's] pleading itself that the amount in controversy exceeds the jurisdictional minimum." *Id.* at 1061. When determining whether this burden is met, a district court applies its "judicial experience" and "common sense" in "discerning whether the allegations in a complaint facially establish" the jurisdictional amount. *Id.* at 1062–63.

21.     The question is whether, based on Plaintiff's allegations of wrongful death attributed to the negligent actions of a national pharmacy and pharmaceutical manufacturer, it is more likely than not that a reasonable jury could value her lawsuit at over $75,000. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

22.     Although Mylan and CVS deny Plaintiff is entitled to any damages whatsoever, it is obvious that the matter-in-controversy requirement is satisfied in this case. Indeed, in the context of a product-liability wrongful-death lawsuit where the plaintiff did not specify the amount of damages sought, the Middle District of Alabama remarked:

> While it would be speculative to specify the exact dollar amount at issue in this case, it is not speculative to conclude from the egregious conduct alleged that the amount, whatever it is, far exceeds $75,000. Indeed, the court cannot image a plaintiff's lawyer saying with a straight face that this wrongful-death case should be valued at no more than $75,000. Such a representation would

fail the so-called "laugh test." Thus, the complaint "unambiguously" reflects that the amount involved is more than $75,000.

*Roe v. Michelin N. Am., Inc.*, 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009) *aff'd*, 613 F.3d 1058 (11th Cir. 2010); *cf. Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1335 (N.D. Ala. 2012) (noting that plaintiffs "who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, must in their complaint formally and expressly disclaim any entitlement to more than $74,999.999, and categorically state that plaintiff will never accept more"; "[o]therwise a plaintiff will find herself in a federal court").

23.    Quite simply, that Plaintiff is "seeking recovery for wrongful death is sufficient to establish that the amount in controversy exceeds $75,000 on the face of the Complaint." *Kammerdiener v. Ford Motor Co.*, No. 5:09-cv-2180, 2010 WL 682297, at *2 (C.D. Cal. Feb. 24, 2010). This rule has been adopted by federal courts across the country.[2]

---

[2] *See, e.g.*, *McPhail v. Deere & Co.*, 529 F.3d 947, 957 (10th Cir. 2008) (affirming propriety of federal jurisdiction in product-liability wrongful-death action where the complaint sought damages "in an amount in excess of Ten Thousand Dollars"); *Borquez v. Brink's Inc.*, No. 3:10-cv-380, 2010 WL 931882, at *5 (N.D. Tex. Mar. 12, 2010) (observing that a complaint alleging wrongful death "affirmatively reveals on its face that the damages sought exceeded $75,000"); *Hogue v. State Farm Fire & Cas. Co.*, No. 2:08-cv-5000, 2009 WL 2525751, at *3 (E.D. La. Aug. 17, 2009) (denying remand because plaintiff's wrongful-death allegations "would lead one to reasonably infer from the face of the original petition that this claim likely exceeds $75,000"); *Stewart v. Glenburney Healthcare*, No. 5:08-cv-270, 2008 WL 5412311, at *1 n.1 (S.D. Miss. Dec. 23, 2008) (denying remand because "it is facially apparent" that a wrongful-death action exceeds the threshold for removal); *Branson v. Medtronic, Inc.*, No. 5:06-cv-332, 2007 WL 170094, at *5 (M.D. Fla. Jan. 18, 2007) (where the plaintiff alleged that a defective medical device caused her husband's death, finding that the question of whether the amount-in-controversy requirement was met "is not even close"); *Angrignon v. KLI, Inc.*, No. 9:08-cv-81218, 2009 WL 506954, at *4 (S.D. Fla. Feb. 27, 2009) (concluding that "common sense" confirms that the matter-in-controversy threshold is met in a wrongful death action); *Barahona Rodriguez v. Kivett's Inc.*, No. 3:05-cv-738, 2006 WL 2645190, at *1 (S.D. Miss. Sept. 12, 2006) (denying remand because it is "facially apparent" that a wrongful-death complaint meets the federal jurisdictional limits).

24.     Mylan and CVS, therefore, aver that the amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

25.     This removal is proper because this Court has original jurisdiction over this action, as there is complete diversity of citizenship among the remaining parties and the matter in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. §§ 1332(a)(1), 1441(a).

## III.     PROCEDURAL ELEMENTS

26.     When the Complaint was filed on July 27, 2018, complete diversity of citizenship did not exist among the parties because Plaintiff, Decedent, and Dr. Warren are citizens of Alabama, Compl. ¶¶ 2, 6, and therefore the case was not initially removable to federal court, *see Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (reiterating the well-settled rule that "*complete diversity of citizenship*" is required for the exercise of federal diversity jurisdiction [emphasis supplied]).

27.     "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

28.     As noted, on January 8, 2019, Plaintiff provided notice of voluntary dismissal of all claims against Dr. Warren, the only non-diverse Defendant. With Dr. Warren no longer part of this case, complete diversity has been created among the parties, thereby rendering the case removable. *Powers v. Chesapeake & O. Ry. Co.*, 169 U.S. 92, 101 (1898).

29.     This Notice of Removal is filed within thirty days of the Defendants' first notice of Plaintiff's voluntary dismissal of Dr. Warren and, therefore, is timely under 28 U.S.C. § 1446(b)(3).

30.     This removal is also timely under 28 U.S.C. § 1446(c)(1), because it is filed less than one year after commencement of the action.

31.     All remaining, non-fictitious Defendants join in the removal of this action. 28 U.S.C. § 1446(b)(2)(a).

32.     Contemporaneously with the filing of this Notice of Removal, Mylan and CVS will give written notice thereof to all adverse parties and will file a copy of this Notice with the Clerk of the Circuit Court of Pickens County. *Id.* § 1446(d).

33.     Promptly upon removal, Mylan and CVS will file disclosure statements in accordance with Rule 7.1 of the Federal Rules of Civil Procedure.

34.     Copies of all process, pleadings, and orders served on Defendants or filed in connection with the underlying Pickens County state-court docket are attached hereto as Exhibits C - E.  *See id.* § 1446(a).

35.     This action is properly removed to the United States District Court for the Northern District of Alabama, Western Division, because the case was originally filed in the Circuit Court of Pickens County, Alabama, which lies geographically within this judicial district and division. *Id.* §§ 81(a)(5), 1441(a).

36.     No previous application has been made for the relief requested in this removal.

37.     Thus, all procedural elements for removal have been satisfied.

**IV.    RESERVATIONS AND REQUEST FOR ORAL ARGUMENT**

38.     If any question arises as to the propriety of the removal of this action, Mylan and CVS respectfully request the opportunity to present a brief, evidence, and oral argument in support of their position that this case is removable.

39.     Nothing in this Notice of Removal shall be interpreted as a waiver, estoppel, preclusion, or relinquishment of Defendants' ability or right to assert any claim, counterclaim, crossclaim, third-party claim, defense, or affirmative matter, including, but not limited to, (1) lack of personal jurisdiction; (2) improper venue; (3) insufficiency of process; (4) insufficiency and/or failure of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join an indispensable party; (8) standing; (9) waiver; (10) failure to exhaust administrative remedies; or (11) any other pertinent claim or defense available under Rule 12 of the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

## V.     JURY DEMAND

Mylan and CVS demand a trial by jury on all issues so triable.

WHEREFORE, Defendants Mylan Inc., Mylan Pharmaceuticals Inc., Mylan Technologies Inc., and Alabama CVS Pharmacy, LLC pray that this Court will consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the Circuit Court of Pickens County, Alabama; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings served in said Court.

Dated: January 4, 2019

Respectfully submitted,

*/s/ J. Allen Sydnor, Jr.(with permission)*  |  */s/ W. Larkin Radney, IV*

Allen Sydnor, Jr. (SYD002)
*ASydnor@huielaw.com*
3291 HIGHWAY 280, SUITE 200
BIRMINGHAM, AL  35243
(205) 251-1193
*Counsel for Defendant Alabama CVS Pharmacy, LLC*

W. Larkin Radney, IV (RAD008)
*lradney@lightfootlaw.com*
R. Ashby Pate (PAT077)
*apate@lightfootlaw.com*
LIGHTFOOT, FRANKLIN & WHITE, LLC
The Clark Building
400 North 20th Street
Birmingham, AL 35203-3200
(205) 581-0700
(205) 581-0799 (Facsimile)

Clem C. Trischler (*pro hac* to be sought)
cct@pietragallo.com
Jason M. Reefer (*pro hac* to be sought)
jmr@pietragallo.com
PIETRAGALLO GORDON ALFANO BOSICK &
     RASPANTI, LLP
One Oxford Centre, 38th Floor
Pittsburgh, PA 15219
(412) 263-2000
(412) 263-2001 (Facsimile)

*Counsel for Defendants Mylan Inc., Mylan Technologies Inc., and Mylan Pharmaceuticals Inc.*

CERTIFICATE OF SERVICE

I hereby certify that on this the 4th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to all registered counsel. I hereby certify that I have served the foregoing via electronic mail and/or U.S. Mail to all non-ECF participants.

J. Gusty Yearout, Esq.
gyearout@yearout.net
YEAROUT & TRAYLOR, P.C.
3300 Cahaba Road, Ste. 300
Birmingham, AL 35223
*Counsel for Plaintiff Rene McDaniel*

/s/ W. Larkin Radney, IV
Of Counsel