IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| RENE MCDANIEL, *as personal representative of the Estate of Earnest McDaniel,* <br><br> Plaintiff, <br><br> v. <br><br> MYLAN INC., *et al.,* <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) )     7:19-cv-00209-LSC |

**MEMORANDUM OF OPINION**

Before the Court is Plaintiff's motion to remand. (Doc. 4.) Defendants have timely filed their response. (Doc. 12.)[1] The motion has been fully briefed and is ripe for review. For the reasons stated below, Plaintiff's motion to remand (doc. 4) is due to be denied, Plaintiff's motion for leave to file a second amended complaint (doc. 7) is due to be granted, and Defendants' motions to dismiss (docs. 1-3 at 219 & 9) are due to be terminated as moot with leave to re-file after review of Plaintiff's amended complaint.

**I.  BACKGROUND**

---

[1] Defendants informed the Court that the initial filing of their response to Plaintiff's motion to remand (doc. 11) was done in error. Subsequently, Defendants requested leave to substitute a correctly formatted brief. (Doc. 12.) The Court has reviewed the briefs and finds that they are substantially similar. Therefore, Defendants' motion (doc. 12) is due to be GRANTED.

Plaintiff Rene McDaniel, as personal representative of the Estate of Earnest McDaniel, brings suit against Mylan Inc, Mylan Pharmaceuticals Inc, Mylan Technologies Inc., and CVS Pharmacy LLC (collectively "Defendants") for the death of her husband due to a fentanyl overdose. Plaintiff initially filed suit in the Circuit Court of Pickens County, Alabama on July 27, 2018. (Doc. 1-1.) Plaintiff's initial complaint named as a Defendant Dr. Diana Waldrep Warren ("Dr. Warren"). Both Dr. Warren and the Decedent were alleged to be citizens of Alabama. (Doc. 1-1 at 3 ¶ 6.)

On September 4, 2018, Dr. Warren filed an unopposed motion for extension of time seeking an additional ninety days to file a response to Plaintiff's complaint. (Doc. 1-3 at 60.) In this request, Dr. Warren asserted that due to her employment at Whatley Health Services Inc. ("Whatley"), "the exclusive remedy for the plaintiff against Dr. Warren, and/or Whatley Health Services is a claim against the United States under the Federal Tort Claims Act." (*Id.* at 61.) Dr. Warren stated that the Office of General Counsel for the Department of Health and Human Services was "reviewing this matter to determine its obligations to accept this matter for defense." (*Id.* at 62.) On September 5, 2018, the Circuit Court granted Dr. Warren's motion. (*Id.* at 71.) On November 20, 2018, Dr. Warren filed a second unopposed motion for extension of time. (*Id.* at 359.) This request asked

for another extension to file a response to the complaint and reiterated the grounds asserted in Dr. Warren's prior motion. (*Id.*) Specifically, Dr. Warren stated that the Office of General Counsel was still reviewing the matter and whether a United States Attorney would be assigned for defense of the claim. (*Id.* at 360.) The Circuit Court granted Dr. Warren another extension. (*Id.* at 369.) Neither the Attorney General nor his representative ever made an appearance before the Circuit Court.

On January 8, 2019, Plaintiff filed a voluntary dismissal as to Dr. Warren. (*Id.* at 497.) Accordingly, the Circuit Court dismissed Dr. Warren on January 9, 2019. (*Id*. at 506.) Defendants removed the action to federal court on February 4, 2019 asserting diversity jurisdiction. (Doc. 1.) Plaintiff filed a Motion to Remand on March 4, 2019, asserting that Defendants' removal was untimely. (Doc. 4.)

## II. STANDARD OF REVIEW

This Court, like all federal courts, is a court of "limited jurisdiction." *Jackson-Platts v. Gen. Elec. Capital Cor*p., 727 F.3d 1127, 1134 (11th Cir. 2013). It is authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.,* 844 F.3d

1299, 1305 (11th Cir. 2016) (quoting *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir. 1997)). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.' " *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

For removal to be proper, the court must have subject-matter jurisdiction in the case. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because Defendants removed this action, they have the burden of establishing that the case was properly removed. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). Any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012) (internal citation and quotation marks omitted).

### III. DISCUSSION

To remove an action filed in state court, the defendant must file notice of removal with the district court within 30 days of receiving a copy of the initial pleading. 28 U.S.C. § 1446(a)–(b). Where multiple defendants are involved, "the limitations period for removal expires upon thirty days from service on the. . . last-

served defendant." *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1203 (11th Cir. 2008). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc.*, 482 U.S. at 392. However, if the case is not removable based on its initial pleadings, "a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

The crux of Plaintiff's motion is that Defendants should have known that this Court had jurisdiction over the case based on her initial pleading under § 1446(b)(1) or, in the alternative, that Defendants' should have removed the action within thirty days of receipt of Dr. Warren's unopposed motions for extension of time under § 1446(b)(3). Essentially, Plaintiff's motion to remand asks this Court to determine at what point Defendants should have removed the case to comply with 28 U.S.C. § 1446. At times Plaintiff's argument, and Defendants' response in opposition, asks this Court to speculate as to the ultimate decision the Court would have made if faced with a hypothetical fraudulent removal scenario. The Court will not offer the parties an advisory opinion by speculating as to how it would have ruled had it been faced with a removal based on an assertion of fraudulent joinder.

Instead, the Court will answer the relevant questions before it under § 1446: (1) Did the Court have original jurisdiction based on the initial pleading and (2) Did Dr. Warren's motions render the case removable?

Upon review, the complaint was not removable upon its face. Before this Court can exercise diversity jurisdiction, complete diversity of citizenship must exist. "Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). Both Dr. Warren and the Decedent were alleged to be citizens of Alabama. Accordingly, the parties were not diverse at the time of filing and diversity jurisdiction was lacking.

Similarly, Federal Question jurisdiction was lacking from the face of Plaintiff's complaint. Federal question jurisdiction requires that the "action aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The analysis of federal question jurisdiction begins with the principle that the plaintiff "is master to decide what law he will rely upon." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913). Plaintiff can choose to rely solely on state law even if federal law provides a cause of action as well. *Campbell v. Gen. Motors Corp.*, 19 F.Supp.2d 1260, 1271 (N.D. Ala. 1998). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which

provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392. "Thus, it is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id.* at 393 (citing *Franchise Tax Bd. of Calif. v. Constr. Laborers Vacation Trust for Southern Calif.*, 463 U.S. 1, 12 (1983)). Upon review, there was no federal question presented on the face of Plaintiff's complaint. Accordingly, the Court did not have original jurisdiction over the complaint as initially pled.

Plaintiff, nevertheless, creatively argues that Defendants were free to remove the case upon its initial filing based on diversity jurisdiction because Defendants should have known that Plaintiff could not recover against Dr. Warren due to the Federal Torts Claims Act ("FTCA").[2]

Federal District Courts have original jurisdiction over claims arising under the FTCA because those claims are in all actuality claims against the United States. Pursuant to the Federally Supported Health Centers Assistance Act of 1992

---

[2] Plaintiff does not argue that she failed to state a claim against Dr. Warren under state law. Instead, Plaintiff's argument essentially asserts that Defendants should have known that she named the wrong defendant based on the initial complaint.

(FSHCAA), certain health care providers receiving federal funding through grants made under Section 330 of the Public Health Services Act can be deemed federal employees of the Public Health Service ("PHS") for the purposes of medical malpractice liability. 42 U.S.C. § 254b. Section 224(a) of the Public Health Service Act, renders the FTCA as the exclusive remedy for medical malpractice claims against individuals deemed an employee of the PHS. 42 U.S.C. § 233(g).

Claims that fall under the FTCA through the FSHCAA but filed initially in state court may be removed to federal court in two distinct circumstances. First, the action can be removed by the Attorney General at any time before trial upon certification that "the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose." *Id.* § 233(c). Second, the action may be removed by the individual seeking to be deemed an employee of the PHS for the purposes of making such a determination if and only if the Attorney General fails to make an appearance in the state court within 15 days of being notified of the suit. *Id.* § 233(l)(2). Once the potential federal employee removes the action, the action "is stayed until the district court conducts a hearing and makes a determination as to the appropriate forum for assertion of the claim." *Allen v. Christenberry*, 327 F.3d 1290, 1294 (11th Cir. 2003) (citing 42. U.S.C. § 233(l)).

The case may not be removed once the Attorney General certifies that the defendant is not deemed an employee of the PHS. *Id.* at 1296 n.3.

From the face of the initial complaint, it appeared that Plaintiff was bringing a medical malpractice claim against Dr. Warren for her treatment of the Decedent. The facts alleged indicated that Dr. Warren was a citizen of Alabama, practiced medicine in Pickens County, and was involved in the treatment of the Decedent and prescription of drugs to him. (Doc. 1-3 at 4, 7– 8, ¶¶6, 37–45.) The complaint contained no reference to Dr. Warren's alleged employer Whatley Health Services, the FSHCAA, or the Public Health Service Act as to indicate that Dr. Warren was improperly named. Accordingly, the Court cannot conclude based on the complaint as plead that it had jurisdiction over the initial pleading.[3] Therefore, Defendants' removal of the action was timely.

Alternatively, Plaintiff argues that Dr. Warren's unopposed motions for extension of time made the action removable. Dr. Warren's motions do not sufficiently provide notice to Defendants that the case is removable for the

---

[3] Plaintiff argues that Defendants should have known Dr. Warren's employer, although it was not named in the complaint, and that Defendants should have been certain that Dr. Warren's unnamed employer was covered by the FTCA. However, the Office of General Counsel of the Department of Health and Human Services never determined that Plaintiff's claims against Dr. Warren were subject to the FTCA. In fact, the record indicates that the Office of General Counsel had not issued a decision by the time Dr. Warren was dismissed. Additionally, the Attorney General never appeared to certify that Dr. Warren was covered by the FTCA and remove the case to assert that the United States was the proper party.

purposes of § 1446(b). Accordingly, these motions did not open another thirty day window for the action to be removed. Consequently, Defendants removal was not untimely.[4]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's motion to remand (doc. 4) is due to be denied. Because the Court is not remanding this action to state court, Plaintiff's motion for leave to file a second amended complaint (doc. 7) is due to be granted. Plaintiff is instructed to file the proposed amended complaint as a separate docket entry within five (5) days of the date of this Memorandum of Opinion. Defendants' pending motions to dismiss (docs. 1-3 at 19 & 9) are due to be terminated as moot with leave to refile should such motions be warranted upon review of the second amended complaint.

**DONE** and **ORDERED** on May 6, 2019.

_____
L. Scott Coogler
United States District Judge

195126

---

[4] The Office of General Counsel's review of whether to defend Dr. Warren's claims does not in and of itself create federal jurisdiction.